## Seidel v. Vita Pastry Co., Inc.

*Jerome M. Dubyn*, for plaintiff.
*Peter J. Neeson*, for defendants.

MARUTANI, *J.*, February 11, 1982—Should an injured plaintiff be directed to comply with defendants' pretrial discovery motion pursuant to Pa.R.C.P. 4010(a), seeking to have plaintiff interviewed and examined by defendants' vocational rehabilitation expert?

Contending that a vocational rehabilitation expert cannot qualify as a "physician,"—the term

used in Rule 4010(a),—plaintiff answers the question in the negative.[1]

Plaintiff, who was injured in a collision between two motor vehicles, filed a complaint alleging "permanent disability." This allegation was amplified in his pretrial statement with assertions of "total disab[ility] . . . unable to return to work . . . receiv-[ing] Total Disability Benefits from Social Security" and "forced to go on pension." As a consequence, plaintiff placed defendants on notice of claims for lost wages, life work expectancy, and life expectancy,[2] and listed among his trial witnesses an economist. In this posture, defendants sought an interview-examination by their vocational rehabilitation expert.

While it cannot be gainsaid that Rule 4010(a) mentions only "physican[s]," we are not prepared to adopt a restrictive and mechanistic view of the rules of discovery by focusing on a single word among many provisions of the rules.[3] Rather, we must view the rules in their entirety, commencing with Rule 126 which directs that—[t]he rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding . . . . "

---

1. Plaintiff also interposes an objection of "unreasonable annoyance" by reason of plaintiff having been previously examined by two defense physicians, an orthopedist and a neurologist. However, we do not view defendants' present discovery efforts as being arbitrary or based on anything other than good faith.

2. Lost wages claimed were $74,112 future wage loss claimed was $180,000; for a life expectancy of 21 years, plaintiff ascribed a claim of $200,000.

3. It should be noted that at least two trial courts have differed on the application of Pa.R.C.P. 4010(a) to clinical psychologists—examination was not ordered: Stocker v. Mattie, 16 D. & C. 3d 565 (1980); examination ordered: In re Smith, 11 D. & C. 3d 330 (1979).

720

This is followed by a number of provisions within the discovery rules which seek to minimize, if not eliminate, the discarded concept of trial-by-ambush. Thus, "any party may take the testimony of . . . a party . . . for the purpose of . . . trial of a case:" Rule 4001(c); "a party may obtain discovery regarding *any matter* . . . which is relevant . . . to the *claim* . . . of any other party;" Rule 4003.1 (emphases added); and "[u]pon cause shown, the court may order further discovery *by other means. . . .:*" Rule 4003.5(a)(2) (Emphasis added.)

It also cannot be gainsaid that the matter of damages is of import, paramount import, to both sides. This is particularly so where, as here, the claim for lost wages and loss of earning capacity, alone, looms in excess of a quarter million dollars. To foreclose pretrial inquiry into this quaesitum of basic common concern is to deny the parties an opportunity to plumb uncharted waters which they are called upon to sail.

Finally, our review of Rule 4011, governing limitations on discovery, indicates no prohibition to defendants' present inquiry.

Wherefore, there is entered the following

### ORDER

And now, February 11, 1982, upon consideration of (a) defendants',—Vita Pastry Company, Inc. and Herbert Ralph,—"Motion to Compel Examination of Plaintiff, Carl G. Seidel, by Defense Vocational Rehabilitation Expert," and (b) plaintiff's response thereto, it is hereby adjudged, ordered and decreed that defendants' motion is granted and plaintiff shall make himself available for, and cooperate in an interview for a vocational rehabilitation examination, within 30 days hereof, at a time, date and place to be fixed by the parties' counsel.